850 F.2d 689
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Karl PARKER, Jr., Plaintiff-Appellant,
v.
BALTIMORE & OHIO RAILROAD; the Chessie System; CSX
Corporation, Defendants- Appellees.
 No. 87-2199.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 25, 1988.
Decided: June 15, 1988.
 
 Karl Parker, Jr., appellant pro se.
 H. Russell Smouse, Ransom J. Davis, Nancy S. Allen (Melnicove, Kaufman, Weiner, Smouse & Garbis); James D. Tomola (CSX Transportation), for appellees.
 Before DONALD RUSSELL, WIDENER and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Karl Parker, Jr., seeks to appeal the district court's order granting the motion for summary judgment filed by the Baltimore and Ohio Railroad Company, granting in part and denying in part Parker's motion to enforce the Public Law Board's award, granting the motion for a protective order, and remanding the case to the Public Law Board for clarification of the amount of back wages owed to Parker. The district court, by a later order, retained the record for use in the ongoing litigation.
 
 
 2
 This Court has jurisdiction to review final decisions of the district court. 28 U.S.C. Sec. 1291. A final judgment is one that disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).
 
 
 3
 In the instant case the issue of the back wages to which Parker may be entitled has not yet been decided; in fact, the district court explicitly retained the record in this case for use in the "ongoing litigation." The order appealed, therefore, does not constitute a "final" judgment under Sec. 1291.
 
 
 4
 The Railroad argues that the district court order retaining the record for use in the ongoing litigation should be "deemed" a certification for immediate appeal pursuant to Fed.R.Civ.P. 54(b). We disagree. A Rule 54(b) certification requires an explicit finding, with reasons stated, that there "is no just reason for delay." Such a finding must be in the record so that this Court may independently review certification. See Para-Chem Southern, Inc. v. M. Lowenstein Corp., 715 F.2d 128 (4th Cir.1983). The district court did not certify its order for immediate appeal; neither party, in fact, requested that such certification be made. Accordingly, we dismiss this appeal as interlocutory.
 
 
 5
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively. The Railroad's motion to dismiss the appeal based on Parker's delay in filing his brief is denied; the motion for leave to file an appendix with its brief is granted.
 
 
 6
 DISMISSED.